# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES C. SILVAS, *et al*.,

    Plaintiffs,

v.

BANK OF AMERICA HOME LOANS, *et al*.,

    Defendants.

Case No. 2:12-CV-1994-KJD-NJK

**ORDER**

Presently before the Court is Plaintiffs' Motion to Remand (#11). Defendants filed a response in opposition (#13).[1] Also before the Court is Defendant Bank of America, N.A.'s Motion to Dismiss (#4). Defendants Countrywide Home Loans, Inc. ("Countrywide"), Countrywide Bank, FSB, HSBC Bank USA, Recontrust Company, N.A. and Mortgage Electronic Registrations Systems, Inc. filed a Joinder (#7) to Bank of America's motion to dismiss. Construing Plaintiffs' *pro se* pleadings liberally, as the Court must, the Court considers Plaintiffs' Individual Status Report (#15) as an opposition to the motion to dismiss. Finally before the Court is Defendant Fidelity National

---

[1] Plaintiffs' motion to remand must be denied, because Defendant Bank of America's motion to expunge the lis pendens, filed after the underlying state court action had been dismissed for failure to timely serve the summons and complaint, was not an affirmative act clearly and unequivocally manifesting Defendant's intention to waive its right to remove to federal court. See Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1240 (9th Cir. 1994); Acosta v. Direct Merchants Bank, 207 F.Supp.2d 1129, 1131 (S.D. Cal. 2002).

Title Company's Motion to Dismiss (#18).  Plaintiffs filed a response in opposition (#22) to which Fidelity replied (#23).

I.  Background

In April 2006, Plaintiffs purchased or refinanced property located at 1788 Amarone Way, Henderson, NV 89012 ("the Property").  In order to complete the transaction, Plaintiffs obtained a $1,000,000.00 loan from Countrywide which they secured with a Deed of Trust in favor of Countrywide.  That Deed of Trust designated Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary and nominee of the lender.  The Deed of Trust also named CTC Real Estate Services as Trustee.  The Deed of Trust allowed the Lender to foreclose if Plaintiffs failed to make payments under the Note, and granted broad powers to MERS to act on the Lender's behalf, including the power to foreclose, or take any action required of Lender, its successors or assignees.

Plaintiffs defaulted on their obligations in or about 2009.  They commenced negotiations with Bank of America to modify the loan or to approve a short sale, but have not yet successfully completed a deal.  Plaintiffs filed the present action in Nevada state court on or about April 13, 2011. However, the action was eventually closed for failure to timely serve the summons and complaint on or about February 14, 2012.  On March 28, 2012, Bank of America filed a motion in state court to expunge the lis pendens.  The Court set a hearing on the motion, subsequent to which Plaintiffs filed an amended complaint on April 12, 2012.  The Court then reopened the action, denied the motion to expunge and Plaintiffs served the summons and complaint.  Defendants timely removed the complaint on June 12, 2012.  Plaintiffs' amended complaint raises several causes of action and seeks remedies styled as causes of action including: 1) injunctive relief; 2) violation of the Federal Truth in Lending Act ("TILA"); 3) violation of the Home Ownership and Equity Protection Act ("HOEPA"); 4) violation of the Real Estate Settlement Procedures Act ("RESPA"); 5) violations of the Nevada Unfair Lending Practices Act; 6) breach of the duty of good faith and fair dealing; 7) fraud; 8) violation of the Nevada Deceptive Trade Practices Act; 9) infliction of emotional distress; and 10) quiet title.  Defendants have now moved to dismiss all the claims.

II.  Standard for a Motion to Dismiss

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Iqbal evaluation illustrates a two prong analysis.  First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951.  If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

III.  Analysis

A.  Claims under TILA, HOEPA, and RESPA

Plaintiffs have failed to oppose Defendants' motion to dismiss these claims based on the statute of limitations.  Claims for civil monetary damages arising under TILA must be filed within one year. See 15 U.S.C. § 1640(e).  The one year period begins to run from the date of the closing of the credit transaction. Id.; King v. Cal., 784 F.2d 910, 915 (9th Cir. 1986).  Since the credit transaction at issue in this action closed on or about April 28, 2006, Plaintiffs had until April 28, 2007 to raise their TILA claims.  Since Plaintiff's amended complaint was not filed until April 12, 2012, Plaintiffs' TILA claims are time-barred and dismissed.

3

Plaintiffs allege that Defendants violated HOEPA by failing to furnish the disclosures required by Regulation Z, and therefore seek recission.  The right to rescind if the required notices or disclosures are not delivered expires three years after the loan closes.  See 12 C.F.R. § 226.23(a).  Thus, Plaintiffs had to seek rescission under HOEPA no later than April 28, 2009.  Since they waited another three years, Plaintiffs' claim for rescission under HOEPA is dismissed.

Finally, Plaintiffs' claim arising under RESPA based on failure to disclose the yield spread premium expired within one year of the violation.  See 12 U.S.C. § 261.  Plaintiffs' claim for failure to disclose the correct Notice on Servicing disclosing that the loan may be assigned, sold, or transferred expired within three years of the violation.  Id.  Therefore, Plaintiffs' claims under RESPA expired no later than April 28, 2009.  Therefore, Plaintiffs' claims under RESPA are time-barred and dismissed.

B.  Nevada Unfair Lending Practices Act Claims – NRS 598D.100

Similarly, Plaintiffs have not opposed Defendants' motion to dismiss claims arising under the Nevada Unfair Lending Practices Act ("NULPA").  Claims arising under NRS 598D.100 have a two year statute of limitations.  See Nev. Rev. Stat. 11.190(4)(b)(violations of a statute not containing its own limitations period have a two year statute of limitations).  Thus, Plaintiffs' claim that Defendants did not use a commercially reasonable means to determine whether Plaintiffs had the ability to repay the loan is time-barred and dismissed.

Even if the claim was not time-barred, the Court would still dismiss the claim, because the pre-2007 version of Nev. Rev. Stat. 598D does not apply to the loan at issue here.  It only applies to home loans subject to HOEPA which did not apply to the April 28, 2006 loan.  The amended 2007 version became effective October 1, 2007.  There is no express language or clear statutory intent to make the amendments retroactive.  See Velasquez v. HSBC Mortg. Servs., 2009 WL 2338852, *3-4 (D. Nev. 2009).

4

C. Claim for Breach of Good Faith and Fair Dealing

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." A.C. Shaw Constr. v. Washoe County, 784 P.2d 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). "[W]hen one party performs a contract in a manner that is unfaithful to the purpose of the contract . . . damages may be awarded against the party who does not act in good faith." Hilton Hotels v. Butch Lewis Prods., 808 P.2d 919, 923 (Nev. 1991).

Plaintiffs' claim for breach of the duty of good faith and fair dealing fails because Plaintiffs do not allege facts indicating that Defendants were "unfaithful to the purpose of the contract." See Hilton Hotels, 808 P.2d at 932. Instead of asserting that Defendants violated the terms of the mortgage agreement, Plaintiffs allege that Defendants violated their alleged duty to deal with Plaintiff in good faith by misrepresenting to Plaintiffs the cost of credit, by quoting and giving Plaintiffs a loan at a higher interest rate than their credit score qualified them for, by giving conflicting disclosures, and encouraging Plaintiffs to acquire a mortgage obligation that was higher than their current monthly rent. Even assuming these assertions are true, Plaintiffs have not stated a viable claim because none of these allegations show that Defendants violated the terms of the written mortgage contract. A party cannot breach the covenant of good faith and fair dealing before a contract is formed. See Indep. Order of Foresters v. Donald, Lufkin & Jenrette, Inc., 157 F.3d 933, 941 (2d Cir. 1998) ("an implied covenant relates only to the performance of obligations under an extant contract, and not to any pre-contract conduct"). Because Plaintiffs' claim revolves entirely around alleged promises and misrepresentations made before the contract was entered into, it fails as a matter of law and is dismissed.

D. Fraud

Plaintiffs' fraud claim alleges that Defendants misrepresented information regarding Plaintiffs on their mortgage application and that Defendants misrepresented the type of loan that Plaintiffs were receiving. However, Plaintiffs' claims are barred by the statute of limitations.

5

Nevada Revised Statute § 11.190(3)(d) establishes a three year limit on fraud claims. A reasonable person would have known what type of loan they received when they signed the deed of trust, adjustable rate rider and the note. Therefore, Plaintiffs' claim arose no later than April 24, 2006. Since Plaintiffs' amended complaint was filed on April 12, 2012, the fraud claims are time-barred and dismissed.

### E. Deceptive Trade Practices Act

Similarly, Plaintiffs' claims for violations of the Nevada Deceptive Trade Practices Act, Nev. Rev. Stat. § 598.0915 have a limitations period of three years. See Nev. Rev. Stat. § 11.190(3)(d). Therefore, Plaintiffs' claim arose no later than April 24, 2006. Since Plaintiffs' amended complaint was filed on April 12, 2012, the Deceptive Trade Practices Act claims are time-barred and dismissed.

### F. Claim for Infliction of Emotional Distress

In order to establish a claim for intentional infliction of emotional distress in Nevada, a plaintiff must allege that (1) the defendant engaged in extreme and outrageous conduct with the intention of causing emotional distress or with reckless disregard for plaintiff's emotional distress; (2) the plaintiff suffered severe or extreme emotional distress as a result; and (3) the defendant's action were the proximate cause of plaintiff's emotional distress. Jordan v. State, 110 P.2d 30, 52 (Nev. 2005). The Court finds Plaintiffs' claim fails as a matter of law because they fail to allege facts indicating that Defendants acted in an extreme or outrageous manner. Additionally, the Court has dismissed Plaintiffs' fraud claims, and misrepresenting information contained in a loan document does not, in and of itself, constitute extreme or outrageous conduct. See Craig v. M&O Agencies, Inc., 496 F.3d 1047, 1058 (9th Cir. 2007). Moreover, "[t]o qualify as extreme and outrageous, the conduct at issue must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." Id. Defendants' alleged misconduct, even if true, does not rise to this level. Therefore, the Court dismisses this claim.

G.  Quiet Title

Plaintiffs' claim to quiet title must also be dismissed.  In Nevada, a quiet title action may be brought "by any person against another who claims an…interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." N.R.S. § 40.010.  In a claim for quiet title "the burden of proof rests with the plaintiff to prove a good title in himself." Velazquez v. Mortgage Electronic Registration Systems, Inc., No. 2:11–CV–576, slip op., 2011 WL 1599595, at *2 (D. Nev. Apr. 27, 2011) (quoting Breliant v. Preferred Equities Corp., 918 P.2d 314, 318 (Nev.1996)).  Additionally, an action to quiet title requires a plaintiff to allege that he has paid any debt owed on the property. See Ferguson v. Avelo Mortgage, LLC. No. B223447, 2011 WL 2139143, at *2 (Cal. App. 2d June 1, 2011).  Essentially, "he who seeks equity must do equity." McQuiddy v. Ware, 87 U.S. 14 (1873).

Although courts have power to vacate a foreclosure sale where there has been fraud, such as sham bidding and the restriction of competition, or inadequacy of price coupled with other circumstances of fraud in the procurement of the foreclosure decree, or where the sale has been improperly, unfairly or unlawfully conducted, "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." Arnolds Mgmt. Corp. v. Eischen, 158 Cal. App. 575, 578 (Cal. Ct. App. 1984). See also FPCI RE-HAB 01 v. E & G Investments, Ltd., 207 Cal. App. 3d 1018, 1021 (Cal. Ct. App. 1989) ("[t]he rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs").  Plaintiffs have failed to allege whether they were in the position to cure the default at the time the Notice of Default was sent.  Furthermore, they did not respond in opposition to the motion to dismiss that they could in fact cure any default.  Therefore, this claim is dismissed.

H. Injunctive Relief

Plaintiffs' claim for injunctive relief rest in their belief that Defendants must produce the note in order to foreclose on the Property and cannot act without actual possession of the note.  However,

what Nev. Rev. Stat. § 107.080 requires is that the beneficiary, successor in interest of the beneficiary, or trustee record a notice of breach and election to sell. See Nev. Rev. Stat. § 107.080(c). In conjunction with the recorded notice of breach and election to sell, the recording party must include a notarized "affidavit of authority to exercise the power of sale[.]" Id. The affidavit must include the name of the trustee, the current holder of the note, the current beneficiary of record and the servicer of the debt secured by the deed of trust. See Nev. Rev. Stat. § 107.080(c)(1). It must also, amongst other requirements, state that the beneficiary, successor in interest of the beneficiary, or trustee is in actual or constructive possession of the note. See Nev. Rev. Stat. § 107.080(c)(3). It must state that the trustee has the authority to exercise the power of sale pursuant to the instruction of the beneficiary of record and the current holder of the note. See Nev. Rev. Stat. § 107.080(c)(4). The Nevada statutes also require that notice of default include a form upon which the grantor may indicate an election to enter into mediation. See Nev. Rev. Stat. 107.086(2)(a)(4). At the mediation, the beneficiary or his representative must bring the original or a certified copy of the original deed of trust, note, and each assignment of the deed of trust or note. See id. Failure to bring the required documentation could result in sanctions. See Nev. Rev. Stat. 107.086(2)(a)(5).

To qualify for injunctive relief, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm; (3) the balance of hardships favors plaintiff; and (4) an injunction is in the public interest. See Winter v. Natural Res. Def. Council, 555 U.S. 7, 120 (2008); eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006). Thus, as pled, Plaintiffs fail to state a claim requiring injunctive relief. Since Plaintiffs have not stated a claim for relief in their other claims, Plaintiffs have failed to show a likelihood of success on the merits, and the claim for injunctive relief is dismissed.

I. Fidelity National Title

Additionally, Plaintiffs have failed to state any claims against Defendant Fidelity National Title. There is no allegation in the complaint that Fidelity National Title performed any of the

actions of which Plaintiffs complain. Fidelity has taken none of the actions in the foreclosure process. Fidelity did not loan Plaintiffs any money nor play any role in the lending process. Fidelity did not contract in any way with Plaintiffs. Fidelity issued a title report in 2006 and insured transfer of good and proper title. Fidelity does not insure that Plaintiffs will make payments, or that beneficiaries, successors in interest to beneficiaries or trustees will not begin foreclosure proceedings. Accordingly, in addition to the reasoning already provided, Plaintiffs have failed to state any claims against Defendant Fidelity National Title.

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand (#11) is **DENIED**;

IT IS FURTHER ORDERED that is Defendants Bank of America, N.A.'s Motion to Dismiss (#4) is **GRANTED**;

IT IS FURTHER ORDERED that Defendant Fidelity National Title Company's Motion to Dismiss (#18) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants and against Plaintiffs.

DATED this 23rd day of January 2013.

_____
Kent J. Dawson
United States District Judge